UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DANNY EDWARD PARSONS,

    Plaintiff,

v.   Case No: 6:24-cv-2365-JSS-RMN

WAYNE IVEY, ARAMARK, W. KIDD, BREVARD COUNTY JAIL COMPLEX, and BREVARD COUNTY BOARD OF COUNTY COMMISSIONERS,

    Defendants.
_____/

# ORDER

Plaintiff, proceeding pro se, sues Defendants under 42 U.S.C. § 1983 regarding the conditions of his confinement at the Brevard County Jail. (*See* Dkt. 1.) The court received Plaintiff's motion for leave to proceed in forma pauperis the same day it received his complaint. (*See* Dkt. 2.)

At the time he initiated this action, Plaintiff was in the custody of the Brevard County Jail; however, the complaint states that Plaintiff was to be released shortly and provides his new mailing address. (Dkt. 1 at 2.) A review of publicly available information about Plaintiff's custody status from the Brevard County Sheriff's Office indicates that Plaintiff was released on December 30, 2024.

Because the motion for leave to proceed in forma pauperis no longer accurately reflected Plaintiff's situation after he was released, the court ordered him on February 12, 2025, to amend his motion within fourteen days by submitting an Application to Proceed in District Court Without Prepaying Fees or Costs indicative of his present

financial situation. (Dkt. 3 at 1–2.) Alternatively, by the same deadline, Plaintiff could pay the filing fee in full. (*Id.* at 2.)

Plaintiff was cautioned that his failure to comply with the order in a timely fashion could result in the dismissal of this action without further notice. (*Id.*) The order and the form mentioned therein were mailed to Plaintiff at the new address he provided, and the mailing was not returned undeliverable. Nonetheless, Plaintiff failed to comply with the order, and the deadline for doing so has passed.

Due to Plaintiff's lack of prosecution in this matter, this action is **DISMISSED without prejudice**, and the Clerk is **DIRECTED** to enter judgment accordingly, terminate any pending motions and deadlines, and close this case. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."); *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) ("Although the rule is phrased in terms of dismissal on the motion of the defendant, it is clear that the power is inherent in the court and may be exercised sua sponte whenever necessary to achieve the orderly and expeditious disposition of cases." (quotation omitted)).

**ORDERED** in Orlando, Florida, on March 3, 2025.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Unrepresented Parties